UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JOSEPH C. MINNEMAN,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA<br><br>    Respondent. | Case No. 1:17-cv-01189-JBM |

# ORDER & OPINION

This matter comes before the Court on Petitioner Joseph C. Minneman's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. For the reasons explained below, Petitioner's Petition (Doc. 1) is denied. Petitioner is restricted from filing future pleadings pertaining to his 1997 conviction.

### BACKGROUND

On January 28, 1997, Petitioner, a former attorney, was convicted of conspiracy to defraud the United States in violation of 18 U.S.C. § 371. *United States v. Minneman*, No. 96-cr-10010 (C.D. Ill. Jan. 28, 1997). On June 23, 1997, Judge Mihm sentenced Petitioner to thirty months of imprisonment followed by three years of supervised release. *Id.*

Since then, Petitioner has repeatedly attempted to overturn his conviction. The Court has found the following attempts within the Central District of Illinois:

- *Minneman v. United States*, No. 98-1170 (C.D. Ill. Jun. 4, 1998) (motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255);

- *Minneman v. United States*, No. 02-1298 (C.D. Ill. Sept. 9, 2002) (petition of habeas corpus pursuant to 28 U.S.C. § 2241);

- *United States v. Minneman*, No. 96-10010 (C.D. Ill. Dec. 23, 2008) (motion to vacate and set aside the criminal judgment);

- *United States v. Minneman*, No. 96-10010 (C.D. Ill. Apr. 13, 2011) (motion to set aside his conviction);

- *United States v. Minneman*, No. 96-10010 (C.D. Ill. July 1, 2011) (motion to reconsider the denial of his motion to set aside his conviction);

- *Minneman v. United States*, No. 12-1370 (C.D. Ill. Sept. 20, 2012) (petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241);

- *Minneman v. United States Att'y Gen. Dep't of Justice*, No. 12-1429 (C.D. Ill. Oct. 28, 2012) (petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241);

- *Minneman v. United States,* No. 15-1473 (C.D. Ill. Nov. 20, 2015) (motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255).

The court is aware that it may not have found all of Petitioner's numerous attempts. Because of his abusive filings, Petitioner was warned by both Judge Mihm, in 2011, and Chief Judge Shadid, in 2012, that future attempts to attack his 1997 conviction without permission from the United States Court of Appeals for the Seventh Circuit would result in sanctions. *See* Order (Doc. 435), *United States v. Minneman*, No. 96-10010 (C.D. Ill. July 21, 2001); Order (Doc. 2), *Minneman v. United States Att'y Gen. Dep't of Justice*, No. 12-1429 (C.D. Ill. Jan. 18, 2013).

Petitioner has also attempted to seek relief from the Seventh Circuit. The Court has found the following attempts, but is aware that the list is likely incomplete:

- *United States v. Minneman*, 143 F.3d 274 (7th Cir. 1998) (direct appeal);

- *Minneman v. United States*, No. 02-1298 (C.D. Ill. Feb. 10, 2003) (indicating a mandate from the Court of Appeals affirming the denial of Petitioner's § 2241 petition);

2

- *United States v. Minneman*, No. 04-1634 (7th Cir. Sept. 9, 2004) (denying "yet another attack on the appellant's underlying conviction" and warning that future frivolous attacks will result in sanctions);

- *United States v. Minneman*, No. 09-2133 (7th Cir. Apr. 29, 2009) (appeal of denial of Petitioner's 1998 motion to vacate);

- *Minneman v. United States,* No. 15-3685 (7th Cir. Dec. 3, 2015) (application for permission to file a second or successive § 2255 motion).

Furthermore, Petitioner attempted to overturn his conviction so frequently that the Seventh Circuit has repeatedly issued sanctions against him and restricted his filings in their court.

On March 14, 2005, the Seventh Circuit fined Petitioner $200 and ordered that any papers he submitted be returned without filing, except criminal cases and habeas petitions not challenging his 1997 conviction. *United States v. Minneman*, Nos. 97-2614 & 97-2676 (7th Cir. Mar. 14, 2005). On May 10, 2005, the Court lifted the restriction because Petitioner paid the fine; however the Court warned that future frivolous filings could result in greater sanctions. *United States v. Minneman*, Nos. 97-2614 & 97-2676 (7th Cir. May 10, 2005). On July 19, 2006, the Seventh Circuit again sanctioned Petitioner. *United States v. Minneman*, Nos. 97-2614 & 97-2676 (7th Cir. July 19, 2006). The Court fined Petitioner an additional $200 and imposed the same filing restrictions. *Id*. Petitioner, again, paid the fine. On December 15, 2006, the Seventh Circuit issued an order clarifying Petitioner's filing restrictions. *United States v. Minneman*, Nos. 97-2614 & 97-2676 (7th Cir. Dec. 15, 2006). The Seventh Circuit ordered that the general bar preventing Petitioner from making all civil filings was lifted. *Id*. However, the Seventh Circuit declared that:

> "Minneman's filings, however, make it clear that he does not intend to stop challenging his 1997 conviction. Accordingly, it is ordered that *the*

> *clerk of this court* shall return unfiled any future filings relating to the 1997 conviction."

*Id.* (emphasis added). Therefore, it is clear that Petitioner is barred from bringing claims pertaining to his 1997 conviction before the Seventh Circuit. However, it is less clear whether the Seventh Circuit's order applies to this Court or other federal district courts within the Seventh Circuit. *Compare id. with Gwenn Hale v. Douglass B. Walters*, No. 05-4290 (7th Cir. July 6, 2006) (restricting filings of an individual by ordering that "the clerks *of all federal courts in this circuit* will return unfiled . . .") (emphasis added); *In re Larriante' J. Sumbry*, No. 02-2565, 2002 U.S. App. LEXIS 28167 (7th Cir. Aug. 1, 2002) (ordering that "the clerks of all the federal courts within this circuit shall return unfiled all papers. . .") (emphasis added); *Srivastava v. United States*, No. 1:13-cv-1212-WTL-DML, 2013 U.S. Dist. LEXIS 160950, at *2 (S.D. Ind. Nov. 12, 2013) (noting that the Seventh Circuit restricted petitioner from filing by ordering that "'the clerks of *all federal courts in this circuit* shall return unfiled'") (emphasis added).

On May 1, 2017, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Despite the warnings from the various judges of the Central District of Illinois and the restrictions from the Seventh Circuit, Petitioner again attempts to challenge his 1997 conviction.[1]

---

[1] The Court notes that Petitioner alleges that "on December 15, 2016, sanctions against Petitioner were lifted with regard to civil actions." (Doc. 1 at 2). However, the Court can find nothing from December 15, 2016, that lifts the restrict filing against Petitioner. The Court believes Petitioner is referring to the December 15, 2006 order from the Seventh Circuit, which lifted the general bar against filing from Petitioner, but retained the restriction that the Clerk of the United States Court of Appeals for the Seventh Circuit was to return unfiled any filings by Petitioner that sought to

## LEGAL STANDARDS

This Court, in its discretion, applies the Rules Governing Section 2254 Cases in the United States District Courts to all cases that purport to be brought under Chapter 153 of Title 28 of the United States Code that are not explicitly brought under 28 U.S.C. §§ 2254 and 2255. *See* Rules Governing Section 2254 Cases in the United States District Courts, R 1(b); *see also Poe v. United States*, 468 F.3d 473, 477 n. 6 (7th Cir. 2006); *Hudson v. Helman*, 948 F. Supp. 810, 811 (C.D. Ill. 1996) (holding Rule 4 takes precedence over 28 U.S.C. § 2243's deadlines and gives court discretion to set deadlines). This includes Rule 4, which requires that the Court "promptly examine" the Petition, and dismiss it if it "plainly appears . . . that the petitioner is not entitled to relief."

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has examined the Petition and determined Petitioner is not entitled to habeas corpus relief.

## DISCUSSION

Petitioner's § 2241 petition falters for two reasons. First, Petitioner is not in custody. Second, Petitioner's petition must be construed as an unauthorized attempt at a second or successive § 2255 motion. Both reasons are sufficient, on their own, to deny Petitioner's petition.

First, Petitioner is not in custody and therefore cannot file for habeas relief. In order to qualify for relief under 28 U.S.C. § 2241, a petitioner must be in custody. 28

---

attack his 1997 conviction. *United States v. Minneman*, Nos. 97-2614 & 97-2676 (7th Cir. Dec. 15, 2006).

5

U.S.C. § 2241(c); *Virsnieks v. Smith*, 521 F. 3d 707, 717 (7th Cir. 2008). Petitioner was convicted in 1997 and was sentenced to thirty months of incarceration and three years of supervised release. It is now 2017 and Petitioner's sentence has been served. Furthermore, the Court notes that Petitioner's mailing address is a P.O. Box in Peoria and that Petitioner has offered no argument that he is still in custody. Any collateral consequences that Petitioner may be facing—although he does not allege any—are insufficient to constitute custody for purposes of invoking § 2241. *Virsnieks*, 521 F.3d at 718. Therefore, it is clear that Petitioner is not in custody and therefore is ineligible to invoke § 2241. This alone is sufficient for the Court to dismiss the Petition.

Second, Petitioner is attempting to collaterally attack his 1997 conviction. Petitioner is challenging the validity of the sentence imposed by the district court, and therefore would ordinarily be required to bring his claim as a § 2255 motion rather than a § 2241 petition. *See Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) ("28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief. Section 2255 applies to challenges to the validity of convictions and sentences, whereas § 2241 applies to challenges to the fact or duration of confinement."); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012). However, Petitioner has already pursued § 2255 relief; therefore, he cannot pursue such relief without permission from the Seventh Circuit to file a second or successive § 2255 motion. He has no such permission.

He may only petition under 28 U.S.C. § 2241 if the remedy provided under § 2255 "is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e) (which is often referred to as "the Savings Clause"). Petitioner has failed to

prove that § 2255 is an inadequate or ineffective remedy. Therefore, Petitioner's § 2241 petition is nothing more than a successive § 225 motion in disguise. Because it was brought without permission from the United States Court of Appeals for the Seventh Circuit, it constitutes an improper attempt to avoid the procedural limitations required for motion brought under § 2255 and must be dismissed for lack of jurisdiction.

### CERTIFICATE OF APPEALABILITY

Because the Petitioner failed to show that a § 2255 motion was inadequate (in order to be able to proceed as a § 2241 motion) and the Court is treating the Petition as a § 2255 petition, the Court must determine whether to issue a certificate of appealability. *Sanchez-Rengifo v. Caraway*, 798 F.3d 532, 535 n. 3 (7th Cir. 2015).

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A court may only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c); Rule 11, Rules Governing Section 2255 Proceedings for the United States District Courts. A "substantial showing" is met when a "reasonable jurist could debate whether (or, for that matter, agree that) the petition should be resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (omitting citations). A petitioner need not show that the appeal will succeed, but he must show "'something more than the absence of frivolity' or the existence of mere 'good faith'" on his part. *Miller-El v. Cockrell*, 537

U.S. 322, 337-38 (2003) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 (1983)). If the district court denies the request, a petitioner may request that a circuit judge issue the certificate. Fed. R. App. P. 22(b)(1).

Consistent with the discussion above, the Court finds that no reasonable jurists would differ on the Court's treatment of Petitioner's 2255 motion. Therefore, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

### SANCTIONS

Petitioner was well-aware that he could not bring these frivolous claims again and that he could face sanctions if he did so. First, Petitioner is a former attorney and therefore, should be aware that he is not eligible for habeas relief while not in custody. Second, the Central District of Illinois has previously rejected Petitioner's § 2241 petitions because he was not in custody; therefore, he has been informed that he is ineligible for § 2241 relief. See *Minneman v. United States,* No. 15-1473 (C.D. Ill. Nov. 20, 2015). Various judges within the Central District of Illinois had repeatedly warned Petitioner that continuing to bring these claims could result in sanctions.

Lastly, and most importantly, Petitioner was aware that he could not bring these claims because the United States Court of Appeals for the Seventh Circuit has repeatedly sanctioned him and restricted him from filing pleadings pertaining to his 1997 conviction. However, despite the Seventh Circuit's sanctions and restriction from filing and despite several warnings from different judges within the Central District of Illinois, Petitioner failed to heed the warnings and filed yet another habeas petition challenging his 1997 conviction.

8

Thus, the instant Petition is not merely frivolous but an abuse of the Court's time and resources. The Court refuses to allow Petitioner to waste court resources by filing future frivolous filings continuing to attack his 1997 conviction. Therefore, the Court finds it appropriate to issue the following sanctions:

1. A $500 fine is assessed.

2. A *Mack* order is entered. *Support Sys. Int'l v. Mack*, 45 F.3d 185 (7th Cir. 1995). This requires Petitioner's fine to be paid before he can file any future civil litigation. Until Petitioner pays the amount in full to the clerk of this Court, clerks of all courts within this circuit will return, unfiled, any papers he tenders.

3. Even after the fine is paid, the Clerk is ordered to return unfiled any future filings related to Petitioner's 1997 conviction.

*See Alexander v. United States*, 121 F.3d 312, 316 (7th Cir. 1997); *United States v. Minneman*, Nos. 97-2614 & 97-2676 (7th Cir. Dec. 15, 2006).

## CONCLUSION

For the reasons stated above, the Court DISMISSES the Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) for lack of jurisdiction. Petitioner is assessed a $500 fine. A *Mack* order is ENTERED. This fine must be paid before any other civil litigation brought by Mr. Minneman is allowed to be filed in this Court. Even after the fine is paid, the Clerk is ordered to return unfiled any future filings related to Petitioner's 1997 conviction. This matter is now TERMINATED.

Entered this    4th    day of May, 2017.

                                                              s/ Joe B. McDade
                                                              JOE BILLY McDADE
                                     United States Senior District Judge